```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X

ELIJAH CUMMINGS,

                    Petitioner,              12 Civ. 7403

     -against-                                OPINION

THOMAS LAVALLEY, Superintendent, Clinton
Correctional Facility,

                    Respondent.
------------------------------------------X

A P P E A R A N C E S:
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/20/13
```

Attorneys for Petitioner

OFFICE OF THE APPELLATE DEFENDER
11 Park Place
New York, NY 10007
By:  Eunice C. Lee, Esq.


Attorneys for Respondent

NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL
120 Broadway, 24th Floor
New York, NY 10271
By:  Priscilla I. Steward, Esq.

**Sweet, D.J.**

Petitioner Elijah Cummings ("Cummings" or "Petitioner") has petitioned for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Cummings' petition has been opposed by respondent Thomas LaValley, Superintendent ("Respondent" or the "State"). Based on the conclusions set forth below, Cummings' petition is denied.

**Prior Proceedings**

In the early morning hours of March 27, 2006, Cummings was arrested after a police officer caught him attempting to steal weapons and bulletproof vests from the locker room of the 25th Precinct station house (the "Police Precinct"), which is located in northern Manhattan. On April 21, 2006, a New York County jury charged Cummings with, *inter alia*, one count of Burglary in the Second Degree pursuant to N.Y. Penal L. § 140.25(2) ("§140").

Prior to Cummings' trial in New York State Supreme Court (the "Trial Court"), his trial counsel ("Trial Counsel") moved to dismiss the second-degree burglary charge on the grounds that the grand jury minutes did not establish that the

1

Police Precinct was a "dwelling," which is a required element for a charge of second-degree burglary, see §140. The motion was denied.

At trial, the State offered testimony to buttress the grand jury's testimony on the "dwelling" element of the burglary count. The officer who arrested Cummings testified at trial that officers of the 25th Precinct "routinely" slept in a room in the Police Precinct that was designated as the "dormitory."

Following the close of the State's case, Trial Counsel made a general pro forma motion to dismiss all charges for failure to establish a prima facie case. However, Trial Counsel failed to specifically renew his motion to dismiss the Second Degree Burglary charge for failure to establish that the Police Precinct is considered a "dwelling" within the meaning of the statute.

On September 27, 2006, a jury found Cummings guilty of, *inter alia*, Second Degree Burglary.

Cummings appealed to the Appellate Division of the New York State Supreme Court (the "Appellate Division"), arguing, *inter alia*, that the evidence presented at trial was not legally

2

sufficient to support a conviction for second-degree burglary because the State had failed to prove beyond a reasonable doubt that the Police Precinct constituted a "dwelling" for purposes of §140.

On October 22, 2009, the Appellate Division issued an opinion unanimously affirming the judgment of the State Trial Court. People v. Cummings, 66 A.D.3d 571 (N.Y. App. Div. 2009) ("Cummings I"). With respect to Cummings' argument about the second-degree burglary conviction, the Appellate Division did not reach its merits, instead holding that the issue had not been preserved by Trial Counsel due to Trial Counsel's failure to make a post-evidentiary motion challenging the sufficiency of the State's evidence regarding the "dwelling" element of the burglary count. Id. at 571.

Cummings sought, and was granted, leave to appeal to the New York Court of Appeals. In his brief to the Court of Appeals, Cummings argued, *inter alia*, that his Trial Counsel was constitutionally ineffective in failing to move for dismissal of the second-degree burglary. On February 24, 2011, the Court of Appeals issued an opinion unanimously affirming the order of the Appellate Division. People v. Cummings, 16 N.Y.3d 784 (2011) ("Cummings II"). The Court of Appeals analyzed Cummings'

3

ineffective assistance claim under New York's constitutional standard, and concluded that the claim was without basis, as "the record demonstrates that [petitioner's] counsel provided competent and meaningful representation throughout the proceedings, which included an unsuccessful pretrial attempt to dismiss the second degree burglary charge based on the dwelling argument." Id. at 785.

Cummings subsequently filed a petition for writ of certiorari in the United States Supreme Court, asking the Supreme Court to review his ineffective assistance claim. On October 3, 2011, the Supreme Court denied his certiorari petition. Cummings v. New York, 132 S.Ct. 203 (2011).

On October 2, 2012, Cummings filed the instant habeas petition. In his petition, Cummings has contended that the Court of Appeals, in analyzing his ineffective assistance claim through the lens of New York's standard rather than the federal standard, issued a decision that was contrary to the clearly established federal law regarding ineffective assistance claims.

The petition was heard and marked fully submitted on April 10, 2013.

4

**The Standard Of Review**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner can obtain habeas corpus relief only by showing that the state court's denial of his claims were either "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or that the state-court decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).

Because the Court of Appeals (the "State Court") adjudicated the merits of Cummings' ineffective assistance claim, in order to obtain habeas relief Cummings must prove "that the state court either identified the federal standard for ineffective assistance but applied that standard in an objectively unreasonable way, or that the state applied a rule that contradicts the federal standard." Rosario v. Ercole, 601 F.3d 118, 122 (2d Cir. 2010).

**The Petition Is Denied**

Cummings has contended that the State Court's analysis of his ineffective assistance claim under New York's constitutional standard was contrary to the federal standard articulated by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). "The Strickland test for ineffective assistance has two necessary components: the defendant must establish both that his attorney was ineffective and that the attorney's errors resulted in prejudice to the defendant." Rosario, 601 F.3d at 123.

The Second Circuit has recognized that the standard set forth in Strickland differs from New York's test for ineffective assistance of counsel under the state constitution. Id. at 123-24. While "[t]he first prong of the New York test is the same as the federal test . . . the difference [between the federal and the New York standards] arises in the second prong of the Strickland test." Id. at 124. Under the federal standard, a defendant must "demonstrate that the outcome of the case would have been different but for counsel's errors," while under the New York standard "the focus of the inquiry is ultimately whether the error affected the 'fairness of the process as a whole.'" Id. (quoting People v. Benevento, 91

6

N.Y.2d 708, 714 (1998). Thus, "[t]o meet the New York standard . . . a defendant need only demonstrate that he was deprived of a fair trial overall." Id.

Notwithstanding this distinction, the Second Circuit has expressly held that the New York standard for ineffective assistance claims is not contrary to the Strickland standard. Id. (citing Eze v. Senkowski, 321 F.3d 110, 123-24 (2d Cir. 2003); Lindstadt v. Keane, 239 F.3d 191, 198 (2d Cir. 2001)). However, the Circuit has also cautioned that "there may be applications of the New York standard that could be in tension with the prejudice standard in Strickland." Id. (citing Henry v. Poole, 409 F.3d 48, 70-71 (2d Cir. 2005)). In particular, there is "a danger that some courts might misunderstand the New York standard and look past a prejudicial error as long as counsel conducted himself in a way that bespoke of general competency throughout the trial." Id. at 125-26.

Cummings has contended that his case presents precisely such a scenario. According to Cummings, the State Court, in applying the New York standard for ineffective assistance, looked *only* to the totality of Trial Counsel's representation throughout the proceedings, and failed to address the question relevant to the Strickland analysis – namely,

7

whether Trial Counsel's single error of failing to move to dismiss the second-degree burglary charge resulted in prejudice to the defendant.

However, the State Court's opinion reveals that its analysis of Cummings' ineffective assistance claim was not limited to a holistic examination of Trial Counsel's performance, but rather fully comported with Strickland's prejudice inquiry. Though the State Court did note that the "core of [its] inquiry . . . is whether counsel's performance, viewed in totality, amounts to meaningful representation," Cummings II, 16 N.Y.3d at 785 (internal citations and quotation marks omitted), it also expressly recognized that it would be possible for a defendant to prevail on an ineffective assistance claim "based on a single error or omission [provided it was] 'so egregious and prejudicial' as to deprive defendant of a fair trial." Id. (quoting People v. Turner, 5 N.Y.3d 476, 480 (2005)). The State Court then proceeded to explain that, in its view, no error occurred, as (i) Trial Counsel had attempted to raise the dwelling issue before trial without success, and (ii) at trial the State had "submitted additional evidence [on the dwelling issue] that was not before the grand jury." Id.

8

Though not expressly stated, the State Court's mention of the "additional evidence" submitted at trial on the dwelling issue supports the conclusion that the State Court considered this additional evidence as well and the Trial Court's earlier denial of the pre-trial motion, and concluded on that basis that Trial Counsel's failure to renew the motion after the State's case did not constitute an error, much less one so egregious as to deprive the defendant of a fair trial.

Cummings has dedicated a significant portion of his briefs to arguing that the State Court was objectively incorrect in this conclusion because the State did not in fact satisfy its burden to prove that the Police Precinct was a dwelling for §140 purposes. See Memorandum In Support of Petition for Habeas Corpus at 14-20; Petitioner's Reply Memorandum In Support of Petition for Writ of Habeas Corpus at 1-8. However, that argument is not relevant to the analysis of Cummings' instant petition. "When a federal court reviews a state court decision under § 2254, the question is not whether a federal court believes the state court's determination under the Strickland standard was *incorrect* but whether that determination was *unreasonable*." Rosario, 601 F.3d at 123 (quoting Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009)) (quotation marks and alteration omitted, emphasis added). In other words, a federal

9

court on habeas review looks only at whether the determination was based upon an analysis contrary to that prescribed by Strickland.

"[T]hough not delivered in Strickland terminology," the State Court's opinion nonetheless engaged in the required analysis, as it ruled that Trial Counsel's failure to move to dismiss the second-degree burglary charge following the close of evidence at Cummings' trial was not an error, and that the failure to do so did not prejudice Cummings. Rosario, 601 F.3d at 127. Since the State Court's opinion did not constitute an "unreasonable" application of the federal standard, Cummings' habeas petition must be denied.

## Conclusion

For the reasons set forth above, the petition for writ of habeas corpus is denied.

**New York, NY**
**September 18, 2013**

_____
**ROBERT W. SWEET**
**U.S.D.J.**

10